[Cite as *Morgan v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7029.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIC MORGAN

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2010-05986

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶1} On August 1, 2011, the magistrate issued a decision recommending judgment for plaintiff, in an amount to be determined in a subsequent proceeding, less a 40 percent reduction to account for plaintiff's contributory negligence.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On October 14, 2011, with leave of court, defendant filed objections. Plaintiff's October 19, 2011 motion for leave to file a response is GRANTED instanter.

{¶3} Plaintiff was injured in performing his duties as an inmate kitchen worker when his finger contacted the blade of a meat slicer. The evidence establishes that the process employed by defendant to cut turkey logs into cubes involved three steps. First, logs were cut into slices using the meat slicer. The safety feed was removed during this step due to the size and shape of the turkey logs. Second, the slices were cut into strips using the meat slicer. Plaintiff claims that the safety feed was also

removed during this step because the strips are too "flimsy." (Magistrate Decision, p. 2.) In the third and final step, the strips are sliced into cubes. Plaintiff maintains that he was injured when he elected to use the slicer during the third step, without the safety feed, in order to save time; kitchen knives are typically used in this step due to the smaller size of the strips and the intricacy of the required cuts.

{¶4} The magistrate found that defendant was aware that plaintiff and other inmates had engaged in the practice of removing the safety feed during the meat preparation process but did nothing to discourage the practice. Accordingly, the magistrate concluded that defendant was negligent and that defendant's negligence was the proximate cause of plaintiff's injury. The magistrate also found that plaintiff was negligent and that plaintiff's negligence was a proximate cause of his injury.

{¶5} Defendant interposes three separate objections. Inasmuch as defendant's second objection speaks to the critical issue of notice, it shall be discussed first. In its second objection, defendant challenges the magistrate's finding that defendant's staff were aware, before plaintiff sustained his injury, that inmates commonly disengaged the safety feed during the meat preparation process. Plaintiff testified that he had been working in the kitchen for 18 months prior to suffering his injury and that he had prepared turkey logs at least once per week during that time. He stated that it was impossible to use the safety feed to cut the turkey logs either into slices, strips or cubes, and that he used the slicer to perform all of those tasks on the day in question. He testified that it was faster to use the slicer when cutting strips into cubes and that he had done so in the past. Inmate McClanahan testified that he had been working in the kitchen for five or six months prior to plaintiff's accident and that he had observed the slicer being used to cut strips into cubes, without the safety feed, on several occasions. According to plaintiff and inmates Sanchez and McClanahan, the slicer was used in the third step of the meat preparation process when the kitchen staff was pressed for time. According to inmate Sanchez, who testified by way of deposition, defendant's staff had

previously observed inmates using the slicer to cut strips into cubes, without raising an objection. Although the evidence shows that there is always a supervisor on duty when the inmate kitchen staff is working, none of these inmates were told to discontinue the practice.

{¶6} Rose Crawford, a food service coordinator for defendant, acknowledged that it is not possible to use the safety feed when cutting the logs into slices and that she observed plaintiff performing this task without the safety feed on the day he was injured. Although Crawford testified that one could use the safety feed when cutting slices into strips, her testimony is contradicted by each of the inmate witnesses who performed the task. Similarly, while Crawford did not see plaintiff using the slicer to cut the strips into cubes on the day in question, the evidence establishes that she was in a position to observe his work if she had elected to do so.

{¶7} In short, based upon an independent review of the evidence, the court determines that the magistrate did not err in concluding that defendant was aware, prior to plaintiff's accident, that the inmates were engaging in an unreasonably dangerous practice when using the slicer and that defendant failed to exercise reasonable care to prevent plaintiff's injury.

{¶8} In defendant's first and third objections, defendant criticizes the magistrate's recollection of witness testimony, specifically, the magistrate's finding that Crawford had been told by other inmates, prior to the time plaintiff was injured, that removal of the safety feed during the third step in the process was a common practice among inmates who used the slicer. Defendant also challenges the magistrate's finding that "plaintiff testified that it was during the final step that his hand slipped and contacted the exposed blade * * *."

{¶9} The court acknowledges that the testimony in this case does not leave the court with a crystal clear picture of the precise sequence and timing of certain events, including the point in time when defendant gained knowledge of the relevant inmate practice in question. Indeed, it appears to the court that both the witnesses and

inquisitors may have been using terminology interchangeably or imprecisely. The magistrate was in the best position to determine the meaning of each witness's testimony and the respective credibility of such testimony. Similarly, certain witnesses, including plaintiff, referred to photographs when answering specific queries. Although those photographs have been admitted into evidence, it was the magistrate who was in position to view the witnesses as they testified.

{¶10} Moreover, having determined, based upon a review of the entire record, that the magistrate did not err in concluding that defendant had prior knowledge of the unreasonably dangerous practice or process which caused plaintiff's injury but did not take reasonable steps to discourage such practice or process, the specific criticisms raised by defendant's first and third objections are not of much significance to the court.

{¶11} In conclusion, upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶12} Judgment is rendered for plaintiff in an amount to be determined at a proceeding on the issue of damages.

_____
JOSEPH T. CLARK
Judge

cc:

Kristin S. Boggs                              Richard F. Swope
Assistant Attorney General           6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor    Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

LP/dms
Filed December 19, 2011
To S.C. reporter March 20, 2012